DOROTHY K. SCHOENITH AND HUSBAND, J. SCHOENITH, v. TOWN & COUNTRY REALTY COMPANY, A CORPORATION.

(Filed 10 October, 1956.)

**Appeal and Error § 39—**

When the Supreme Court is evenly divided in opinion, the judgment of the lower court will be affirmed without becoming a precedent.

DEVIN, J., took no part in the consideration of decision of this case.

JOHNSON, J., not sitting.

APPEAL by defendant from Campbell, J., June Term, 1956, of MECKLENBURG.

This is an action for specific performance. By consent of the parties, the matter was heard by his Honor without a jury.

The plaintiffs, for a valuable consideration, contracted to convey and the defendant to buy Lots Nos. 6, 7, and 8 in Block 2 of the property known as Caldwell Acres, as shown on a map thereof recorded in Map Book 3 at page 83 in the office of the Register of Deeds in Mecklenburg County.

The original developer of Caldwell Acres sold 17 of the 114 lots in the development without restrictions. He sold all but four of the remaining lots with restrictions but reserving unto the grantors the title to all the parks, streets and avenues laid out on the map referred to above, with the right to change said parks, streets and avenues so laid out, or to dispose of same as they saw fit, except the State highway known as the Salisbury or Concord Road.

One or more of the 14 lots sold without restrictions are located in five of the seven blocks in the development. The four lots owned by the developer at the time of his death were conveyed by his heirs without restrictions.

Lot No. 6 referred to above was originally sold with restrictions but was conveyed to the plaintiff Dorothy K. Schoenith without restrictions. Lots Nos. 7 and 8 referred to herein were sold to Dorothy K. Schoenith with restrictions but contained the reservation set forth above.

The court below, among other things, found that the subdivision was not developed under any general or uniform plan or scheme of development and declared the restrictions null and void and entered a decree requiring the defendant to comply with its contract. The defendant appeals, assigning error.

*Kennedy, Kennedy & Hickman for plaintiff appellees.*
*Sol Levine for defendant appellant.*

PER CURIAM. The members of the Court being evenly divided on the question as to whether or not this cause should be remanded for additional parties and a further hearing, as was ordered in *Sheets v. Dillon,* 221 N.C. 426, 20 S.E. 2d 344, the judgment below will be affirmed without becoming a precedent.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.

JOHNSON, J., not sitting.